TYSON, Judge.
Roberto Carlos Renderos ("Defendant") appeals from a judgment entered upon a jury's verdict finding him guilty of impaired driving. We find no prejudicial or plain error.
I. Background
Defendant pled no contest to the charge of driving while impaired in Wake County District Court. Defendant appealed to the Wake County Superior Court for a trial de novo before a jury.
On 11 September 2017, Defendant's case was called for trial in superior court. Defendant presented no evidence. Raleigh Police Officer Ronald Matroo testified for the State. His testimony tended to establish the following:
Officer Matroo was patrolling the area of Poole Road and Williams Street in Raleigh on the morning of 30 May 2015. During his patrol, Officer Matroo received a call from another officer to be on the lookout for a blue Ford Taurus, which was observed that morning in an area considered to be "an open drug market" by police.
Officer Matroo observed and followed a blue Ford Taurus traveling on State Street near Martin Luther King, Jr. Boulevard ("MLK Blvd."). Officer Matroo observed the Taurus cross over the center line "one or two times" on MLK Blvd., which turns into Poole Road. Officer Matroo also observed the Taurus cross the center line on Poole Road two additional times.
Officer Matroo followed the Taurus for approximately two miles, observed the vehicle travel entirely on the wrong side of a double yellow line for approximately one hundred feet, and activated his blue lights.
The Taurus turned into a gas station parking lot and struck the curb. The vehicle stopped in a "jerky" manner by not smoothly braking. When Officer Matroo approached the Taurus, he identified Defendant as the driver.
Officer Matroo detected an odor of alcohol and observed Defendant to have red eyes. Officer Matroo asked Defendant if he had consumed alcohol, to which Defendant responded he had "drank last night." Officer Matroo asked Defendant to exit the Taurus and proceeded to administer standardized field sobriety tests.
Officer Matroo started with the horizontal gaze nystagmus ("HGN") test. Defendant acknowledged that he understood Officer Matroo's instructions. On Defendant's first two attempts at the HGN, Defendant stared straight ahead and did not move his head. On Defendant's second two attempts, he failed to follow instructions by moving his head.
Officer Matroo next administered the walk-and-turn test. Officer Matroo instructed Defendant how to perform the test. Defendant appeared to acknowledge that he understood the instructions. When Defendant attempted the test, he failed to follow instructions, did not turn as required, and kept walking past the requested twenty steps.
Officer Matroo next attempted to administer the one-leg-stand test, but Defendant stated he did not understand Officer Matroo's instructions. Officer Matroo did not administer that test. Officer Matroo then administered a portable breath test ("PBT") to Defendant.
Officer Matroo formed the opinion Defendant had consumed "enough alcohol to be impaired" based upon his observations of Defendant's "driving left of center, hopping the curb, jerky stop, red eyes, alcohol on breath, [inability] to follow instructions, and [admission] to drinking the night before."
Officer Matroo arrested Defendant for driving while impaired and transported him to the Wake County Jail. Officer Matroo administered the EC/IR II Intoxilyzer breath test to Defendant. The Intoxilyzer test indicated Defendant's blood alcohol concentration to be 0.09.
At trial, the jury returned a verdict finding Defendant guilty of driving while impaired. The trial court sentenced Defendant to ninety day's imprisonment. Defendant gave notice of appeal in open court.
II. Jurisdiction
Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 15A-1444(a) (2017).
III. Issue
Defendant argues that the trial court erred by admitting Officer Matroo's testimony that he had administered the PBT to Defendant. Defendant contends the testimony regarding the PBT was irrelevant and inadmissible evidence because its probative value was substantially outweighed by unfair prejudice under Rule of Evidence 403.
IV. Relevancy
Defendant asserts, for the first time on appeal, that the evidence of Officer Matroo's administration of the PBT was irrelevant.
A. Standard of Review
Generally, "[a]ll relevant evidence is admissible," and "[e]vidence which is not relevant is not admissible." N.C. Gen. Stat. § 8C-1, Rule 402 (2017). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2017). "[T]he trial court's rulings on relevancy technically are not discretionary and therefore are not reviewed under the abuse of discretion standard applicable to Rule 403, such rulings are given great deference on appeal[.]" State v. Khouri , 214 N.C. App. 389, 406, 716 S.E.2d 1, 12 (2011) (citation omitted), disc. review denied , 365 N.C. 546, 742 S.E.2d 176 (2012).
B. Waiver
Our appellate courts have "long held that where a theory argued on appeal was not raised before the trial court, 'the law does not permit parties to swap horses between courts in order to get a better mount' " on appeal. State v. Sharpe , 344 N.C. 190, 194, 473 S.E.2d 3, 5 (1996) (quoting Weil v. Herring , 207 N.C. 6, 10, 175 S.E. 836, 838 (1934) ).
At trial, Defendant objected to the following question asked by the State:
[The State]: And did you attempt to administer the portable breath test?
[Officer Matroo]: Yes.
The trial court conducted a bench conference off the record and out of the hearing of the jury. The trial court then excused the jury from the courtroom and allowed Defendant to conduct a voir dire examination of Officer Matroo concerning the PBT. Following the voir dire , the trial court sustained Defendant's objection to Officer Matroo testifying about the results of the PBT. However, the trial court overruled Defendant's objection to the State's question of whether Officer Matroo had administered the PBT to Defendant.
The State twice asked Officer Matroo if he had administered a PBT to Defendant, without further objection by defense counsel.
The trial transcript clearly shows the basis for Defendant's objection to Officer Matroo's testimony was on the grounds of prejudice under Rule 403, not relevancy under Rule 401. Defense counsel asserted to the trial court:
[Defense Counsel]: I think insofar as - I think the potential for prejudice weighs in favor of not mentioning [the PBT] at all, Your Honor. And in that regard, I would ask that any video with that portion be skipped over as well.
Because prejudice under Rule 403 was the sole basis for Defendant's objection at trial, he is not permitted to now argue Officer Matroo's testimony was irrelevant for the first time on appeal. See Sharpe , 344 N.C. at 194, 473 S.E.2d at 5. Plaintiff's argument on this ground is dismissed.
V. Rule 403
Defendant also argues the trial court abused its discretion under Rule 403 of the N.C. Rules of Evidence by admitting Officer Matroo's testimony regarding the administration of the PBT over objection.
A. Standard of Review
It is well-established that "[r]ulings under North Carolina Rule of Evidence 403 are discretionary, and a trial court's decision on motions made pursuant to Rule 403 are binding on appeal, unless the dissatisfied party shows that the trial court abused its discretion." State v. Chapman , 359 N.C. 328, 348, 611 S.E.2d 794, 811 (2005). "A trial court may be reversed for abuse of discretion only upon a showing that its ruling was manifestly unsupported by reason and could not have been the result of a reasoned decision." State v. Riddick , 315 N.C. 749, 756, 340 S.E.2d 55, 59 (1986).
Under Rule 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice , confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. Gen. Stat. § 8C-1, Rule 403 (2017) (emphasis supplied).
B. Preservation
Upon review of the transcript, Defendant has failed to preserve his objection to the evidence of Officer Matroo administering the PBT. "Where evidence is admitted over objection, and the same evidence has been previously admitted or is later admitted without objection , the benefit of the objection is lost." State v. Whitley , 311 N.C. 656, 661, 319 S.E.2d 584, 588 (1984) (emphasis supplied) (citing State v. Maccia , 311 N.C. 222, 316 S.E.2d 241 (1984) ; State v. Chapman , 294 N.C. 407, 241 S.E.2d 667 (1978) ; 1 Brandis on North Carolina Evidence § 30 (1982)).
After defense counsel objected to the State asking Officer Matroo if he administered the PBT to Defendant, the State again asked Officer Matroo if he administered the PBT to Defendant at two later points in the trial. The State asked:
[The State]: Officer Matroo, you testified before the jury went out that you did use a preliminary breath test; is that right?
[Officer Matroo]: Yes.
The State later asked Officer Matroo:
[The State]: So these three tests were the only ones that you conducted, the horizontal gaze nystagmus, the walk-and-turn, and you said you attempted to do the one-leg stand; is that right?
[Officer Matroo]: Yes.
[The State]: Okay. Then you also said that you did use a PBT; is that right?
[Officer Matroo]: Yes.
Defendant failed to object to these later two instances of Officer Matroo testifying he administered the PBT to Defendant. Defendant has failed to preserve his objection for appellate review. Whitley , 311 N.C. at 661, 319 S.E.2d at 588. Defendant's argument that the trial court abused its discretion under Rule 403 by admitting Officer Matroo's testimony regarding the PBT is waived.
Presuming, arguendo , Defendant had preserved his objection, Defendant cannot demonstrate unfair prejudice from Officer Matroo's testimony regarding the administration of the PBT. The jury heard the evidence regarding Defendant's erratic driving, red eyes, odor of alcohol, Defendant's admission to drinking the night before, inability to follow instructions during the standardized field sobriety tests, and Defendant's 0.09 blood alcohol concentration from the Intoxilyzer test following his arrest. Officer Matroo did not testify to the results of the PBT nor did Officer Matroo testify that the PBT played any part in the formation of his opinion that Defendant was appreciably impaired.
Defendant has also not asserted the trial court's admission of Officer Matroo's testimony amounted to plain error. N.C. R. App. P. 10(a)(4) ("In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error."). Defendant's failure to assert plain error waives further appellate review by this Court. See id.
VI. Conclusion
Defendant failed to preserve for appellate review his objection to Officer Matroo's testimony regarding the administration of the PBT. Defendant received a fair trial, free from prejudicial errors he preserved and argued. We find no error in the jury's verdict or in the judgment entered thereon. It is so ordered.
NO ERROR.
Report per Rule 30(e).
Judges ZACHARY and COLLINS concur.